# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JASMINE BANKS, Individually and as**
**Parent and Natural Guardian of A.B., a Minor**                          **PLAINTIFF**

**vs.**                                  **Case No. 4:23-CV-1071-JM**

**TOTAL TRANSPORTATION OF MISSISSIPPI, LLC;**
**PENNY SUE CHAMBLEE;**
**INTERNATIONAL PAPER COMPANY**                                           **DEFENDANTS**

## ORDER

This case involves injuries to a minor child, A.B., when a tractor trailer in which he was a passenger overturned. Pending are three motions that are ripe for determination.

1. First is Plaintiff's motion to amend the deadline for her to disclose her chase-in-chief experts. (Doc. No. 71.) The deadline was July 11, 2025. It was on this date, having disclosed one damages expert but no liability experts, that Plaintiff filed the current motion to extend this deadline.[1] The Court heard arguments on this motion during a telephone conference on July 15, 2025 and took the motion under advisement. Plaintiff has subsequently filed a reply brief stating that she disclosed her two liability experts on July 23, 2025 and is only requesting an eight-day extension to make those disclosures timely.

Once a scheduling order has been adopted by the district court, it may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The movant's diligence in attempting to meet the case management order's requirements is the 'primary measure' of good cause." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024),

---

[1] On July 8, 2025, the parties jointly requested a Rule 16 conference "under the Court's guidance, to address the scheduling of trial, the scheduling and location of depositions, and other pre-trial and discovery deadlines." (Doc. No. 68). That was the full extent of the motion. The Court denied the motion by text order on July 11, 2025, which prompted the filing of this motion.

*reh'g denied,* No. 22-2250, 2024 WL 1561617 (8th Cir. Apr. 11, 2024) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). This is a "more stringent requirement" than that required to amend pleadings pursuant to Rule 15. *Id.*

This case was originally filed against Total Transportation of Mississippi, LLC (TTM) in November of 2023. Plaintiff was allowed to amend her complaint in June of 2024 adding four defendants, including Penny Sue Chamblee and International Paper Company (IP).[2] An amended final scheduling order was entered in December of 2024 setting the matter for trial in December of 2025 and setting the challenged deadline. In her motion for extension, Plaintiff states that she needed three depositions—that of Chamblee and the corporate representatives of TTM and IP—in advance of making her expert disclosures. In her reply brief, Plaintiff catalogs her efforts to obtain the depositions. (See pp, 2-5 of reply brief, Doc. 82-1). The Court will focus on the efforts made prior to deadline Plaintiff now seeks to extend.

Chamblee (who is A.B.'s paternal grandmother) was served with process on December 16, 2024. Plaintiff states that Chamblee's initial disclosures were delayed, without explanation. She waited until February 22, 2025 to propound written discovery on Chamblee. Chamblee's deposition was scheduled for April 17. On Chamblee's request, Plaintiff extended the due date for her written discovery to April 28. By agreement of counsel, Chamblee's deposition was moved to May 23. A few days before the deposition was scheduled, it "was postponed because of Chamblee's work schedule."[3] It appears that at some point Chamblee's deposition was set for July 9, but on June 24, IP's counsel expressed a conflict with that date. Efforts to reschedule her

---

[2] Plaintiff recently voluntarily dismissed the two other defendants, U.S. Xpress, Inc. and U.S. Xpress Leasing, Inc.

[3] The email from Chamblee's counsel states that Chamblee could be deposed from 8:30 a.m. to 12:15 p.m., but that she had to be at work by 1 p.m. (Doc. No. 82-12).

deposition were unsuccessful.[4]

As to Plaintiff's efforts to secure the Rule 30(b)(6) deposition of TTM, Plaintiff initially propounded written discovery to TTM on March 14, 2024. TTM submitted its responses on April 12, 2024, but without the referenced attachments. On April 28, 2024, TTM submitted responses to Plaintiff's second set of requests for production, but again without some of the requested documents After the parties agreed on a protective order, the remaining discovery was received on May 31, 2024 (but for portions of training manuals from TTM that Plaintiff says she still has not received). Following the filing of the amended complaint, Plaintiff submitted a proposed notice of deposition to TTM on May 8, 2025 and requested a call to discuss topics to be covered. The notice was resent on May 23 after TTM failed to respond. Plaintiff's and TTM's counsel scheduled a call on May 28, but, for unidentified reasons, "did not confer as scheduled." Another effort was made to confer on June 17 but Plaintiff states "TTM's counsel did not have time to confer regarding the topics for the deposition."[5]

Lastly, Plaintiff submitted a proposed Rule 30(b)(6) notice of deposition to IP on April 15, 2025, almost six months after IP submitted its initial disclosures. Plaintiff does not discuss any written discovery propounded to this defendant. Plaintiff followed up on April 29 and IP suggested dates in June or July but nothing was scheduled. Plaintiff states she followed up again June 4, apparently with no results. On June 27 the attorneys conferred, and Plaintiff sent IP another copy of the proposed notice of deposition and requested dates. The deposition has not been scheduled as of the filing of Plaintiff's reply.

Under these facts, the Court does not find Plaintiff's efforts to secure the desired

---

[4] Plaintiff advises that Chamblee's deposition is now set for August 15.

[5] Plaintiff states that a revised notice of deposition was sent on July 25, 2025, "but no date of the deposition of TTM has been provided still." (Doc. No. 82-1, p. 4)

discovery within the Court's deadlines to have been diligent. Plaintiff has not filed a single motion to compel the discovery she says she needed. While the Court appreciates the parties' willingness to accommodate each other's scheduling considerations, that professional curtesy cannot bump up against the deadlines set by the Court. It is each party's responsibility to apply to the Court for help in a timely manner if good faith efforts to secure discovery by the deadlines are unsuccessful. Plaintiff states that counsel met on June 27, 2025 and "were generally agreeable that many of the [court's] deadlines were unachievable" and that no attorney objected to extending the upcoming deadline of July, 11, 2025 for disclosure of case-in-chief experts.[6] The question, however, is not whether the other attorneys' in the case were agreeable that the deadlines were unworkable. The Court issues the scheduling order and the deadlines therein control unless a party shows good cause and the Court agrees to modify the order.

      Furthermore, TTM propounded discovery to Plaintiff in October of 2024 seeking information about persons identified as experts. Plaintiff responded that the interrogatory was premature and that expert disclosures would be made as Required by Rule 26(a)(2), the final scheduling order and local rules. There is nothing in the rules governing discovery, the Court's scheduling order, or the Local Rules that allows a party to choose not to respond to written discovery in a timely manner, including the obligation to supplement discovery.[7]

      Plaintiff argues that the issue for the Court to decide is simply whether a short delay in the disclosure of her experts would prejudice any party. However, the law in this circuit is that "[w]hile the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been

---

[6] Doc. No. 71, ¶ 15.
[7] Plaintiff argues that TTM likewise did not disclose experts in initial discovery responses and that this response has not been supplemented. Again, no motion to compel has been filed.

diligent in meeting the scheduling order's deadlines. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) (citing *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). Extending this deadline would necessitate extending the deadline for disclosing rebuttal experts. While Plaintiff says she has no objection to also extending this deadline to benefit the defendants, the Court declines to change any of its deadlines in the absence of good cause. For these reasons, Plaintiff's motion to enlarge the time to disclose her chase-in-chief experts is denied.

      2. Second is Defendant TTM and Chamblee's motion to determine the location of depositions and independent medical examinations. (Doc. No. 81). Plaintiff has argued against requiring Plaintiff to travel to Arkansas for her deposition due to the burden on her family and the difficulties involved in traveling with an infant who is breastfeeding. While the Court is sympathetic to the difficulties of traveling with an infant, Plaintiff initiated this lawsuit in Arkansas, and it is incumbent on her to present herself and A.B. here for deposition. The fact that she is breastfeeding her infant is not an exceptional circumstance that justifies modifying the practice of requiring a plaintiff to present in the forum she has elected to file suit. Plaintiff raises the issue of proportionality pursuant to Rule 26(b)(2), but she has established that the potential damages are significant (with medical expenses of approximately $364,000 to date) and has not established that her resources are insufficient to cover the cost of the travel. The Court is unwilling to require Defendants to bear the expense of sending their lawyers to depose Plaintiff in North Carolina, especially given the lack of a direct flight from Little Rock to Raleigh as pointed out by Plaintiff. Furthermore, Defendants have retained medical experts in Arkansas who will conduct the IMEs here.

      3. On the topic of IMEs, Defendant TTM filed a motion to conduct two IME's of A.B.

pursuant to Rule 35— one by Dr. Micheal Spann, a plastic surgeon, and one by Dr. Garrett Andrews, a neuropsychologist—. Plaintiff has conceded that the medical examinations are requirements of Rule 35 have been met, making the IMEs appropriate, but she asks for conditions and limitations to be imposed. After reviewing the motion and the response, the Court orders as follows:

- No time limitation will be imposed on the IME conducted by Dr. Andrews.

- Kyle Fenton will be permitted to be in the room with A.B. during the examinations on the condition that he is a silent observer and in no way attempts to coach or direct A.B.;

- The Court will not order the examinations to be recorded or videotaped;

- Defendant is not required to submit any questions or registration forms in advance of the examinations.

The motion to conduct medical examinations is granted with these conditions. The parties can let the Court know when the examinations are scheduled, and the Court will do its best to be available to respond to any issues that arise and require the Court's involvement.

IN CONCLUSION, Plaintiff's motion to enlarge the deadline for her to provide written reports from experts (Doc. No. 71) is DENIED; and Defendants' motion to determine the location of depositions and an independent medical examination (Doc. No. 81) is GRANTED, as is TTM's motion to conduct independent medical examinations (Doc. No. 85).

IT IS SO ORDERED this 7th day of August, 2025.

_____
United States District Judge